# EXHIBIT "A"

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
**File & ServeXpress**
Transaction ID: 66500192
Date: Apr 09 2021 01:17PM
Christopher G. Scott, Chief Clerk
Civil Division

## STATE COURT OF FULTON COUNTY
### Civil Division

CIVIL ACTION FILE #: _____

_____
_____
_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

_____
_____
_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| | \*\*\*\*\*\*\*\*\*\*\*\* |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: _____

Address: _____

City, State, Zip Code: _____    Phone No.:_____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

 Served, this _____ day of _____, 20_____.     _____
                                                                  DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 66500192
Date: Apr 09 2021 01:17PM
Christopher G. Scott, Chief Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| BONITA RACHELL, | : | |
| | : | |
| Plaintiff, | : | Civil Action File No. _____ |
| | : | |
| vs. | : | |
| | : | |
| DOLLAR TREE STORES, INC., | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT FOR DAMAGES

COMES NOW BONITA RACHELL, Plaintiff in the above-styled case, and files this action against DOLLAR TREE STORES, INC., Defendant, and for her causes of action respectfully shows this Honorable Court the following:

### JURISDICTION AND VENUE

1.

Plaintiff is a resident of Fulton County, State of Georgia, at all times relevant to this Complaint and is subject to and willfully avails herself of the jurisdiction and venue of this Honorable Court.

2.

This Court properly has jurisdiction over Defendant and the subject matter of this action.

3.

Defendant is a foreign, for-profit, corporation incorporated in the State of Virginia and authorized to transact business in the State of Georgia.  At all times relevant to this Complaint, Defendant maintained a place of business located at 1326 Moreland Avenue, Atlanta, Georgia 30316 and, thus, is subject to the personal jurisdiction of this Court.  Further, venue properly lies

Copy from re:SearchGA

in this Court pursuant to sect. II, para. VII, of the Georgia Constitution and O.C.G.A. § 14-2-510(a) and (b)(3).  Defendant may be served with a copy of the Summons and Complain in this matter through its registered agent, Corporation Service Company, 40 Technology Parkway South, #300, Norcross, Georgia 30092.

## STATEMENT OF FACTS

4.

Plaintiff re-alleges and reaffirms the allegations contained in paragraphs 1 through 3 above, as if fully set forth herein, and states as follows:

5.

At all times relevant to this Complaint, Defendant operated a retail store at 1326 Moreland Avenue, Atlanta, Georgia 30316 (hereinafter Defendant "Store") and offered to the general public retail items for sale.

6.

On or about August 27, 2020, Plaintiff entered Defendant's Store as a customer to purchase certain items and, thus, occupied the status of a business invitee while on Defendant's premises.

7.

Unbeknownst to Plaintiff, there existed a liquid that had been left on the floor in one of the aisles.  As Plaintiff was walking in said aisle, she suddenly slipped on said liquid, causing her to fall and injury her person.

8.

The existence of liquid on the floor in Defendant's Store created a dangerous and hazardous condition of which Defendant, by and through its employees, had actual or constructive

Copy from re:SearchGA

knowledge, and which could not have become known to Plaintiff in the exercise of reasonable care and diligence on her part.

9.

Defendant, by and through its employees, failed to take corrective action to either warn its invitees of the existence of such a condition and/or to timely remove the liquid from the floor.

10.

Defendant, by and through its employees, had constructive notice and knowledge of the presence of the dangerous and hazardous condition by virtue of attendant facts and circumstances which existed at the time of this occurrence complained of herein.  Defendant negligently failed to inspect the premises and keep them safe, and negligently failed to have in place sufficient policies, practices and procedures, which, in the exercise of ordinary care and diligence, would have prevented the occurrence of which Plaintiff complains.

11.

Defendant was negligent by failing to train and instruct its employees in the proper practices and procedures for inspecting and maintaining the floors in the store where customers, like Plaintiff, would walk or use while shopping in order to keep the floors safe, passable and free of dangerous foreign substances.

12.

Defendant was otherwise negligent.

**DAMAGES**

13.

Plaintiff re-alleges and reaffirms the allegations contained in paragraphs 1 through 12 above, as if fully set forth herein, and states as follows:

Copy from re:SearchGA

14.

As a direct and proximate result of the negligence of the Defendant, Plaintiff suffered

serious physical pain and mental anguish and serious bodily injuries, including but not limited to:

1. Traumatic arthropathy, right shoulder;
2. Traumatic arthropathy, left knee;
3. Impingement syndrome of right shoulder;
4. Pain in right shoulder;
5. Pain in left knee;
6. Unspecified sprain of right shoulder joint;
7. Sprain of right rotator cuff capsule;
8. Contusion right elbow; and
9. Other tear of lateral meniscus, left knee.

15.

Plaintiff further shows that she has been required to receive medical treatment as a result

of the injuries sustained in the collision and may be required to receive further medical attention

and treatment in the future.  Plaintiff shows that she has incurred the following medical expenses

as a result of said collision:

1. American Medical Response of Georgia        $1,971.50
2. Emory Hillandale Hospital                   $2,910.70
3. Barbour Orthopaedics                        $5,250.71
4. Elite Radiology                             $3,900.00

16.

As a direct and proximate result of the negligence of the Defendant, Plaintiff sustained

serious injuries, incurred past and future medical expenses, past and future travel expenses, past

and future pain and suffering, past and future loss of enjoyment of life, and permanent impairment.

Plaintiff is further entitled to recover any and all other general damages proximately caused by

Defendant's negligence.

Copy from re:SearchGA

17.

Plaintiff is also entitled to recover any other necessary expenses against Defendants resulting from the negligence of the Defendant.

18.

The sole and proximate cause of the accident was the negligence of the Defendant, unmixed with any negligence on the part of the Plaintiff.

19.

As a result of Defendant's negligence, Plaintiff states her intention to seek all special, compensatory, general, incidental, consequential, economic, and other damages permissible under the laws of the State of Georgia, including but not limited to:

a.   Personal injuries

b.   Pain and suffering

c.   Mental anguish, fright, shock, and terror;

d.   Future lost wages and earning capacity; and

e.   Consequential damages to be proven at trial.

20.

**ATTORNEY'S FEES UNDER O.C.G.A. § 13-6-11**

21.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 19 as if fully set forth herein, and states as follows:

22.

Defendant has been, *inter alia*, stubbornly litigious, acted in bad faith, and has put Plaintiff to unnecessary trouble and expense.

Page 5 of 7

Copy from re:SearchGA

23.

Plaintiff is entitled to recover from Defendant expenses of litigation, including reasonable attorney's fees, pursuant to O.C.G.A. § 13-6-11, in an amount to be proven at trial.

## TRIAL BY JURY

24.

Plaintiff demands a trial by jury of twelve (12) for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

(a) That process issue and Defendant be served as provided by law;

(b) That Plaintiff have judgment against Defendant in an amount to be determined by the enlightened conscience of a jury at trial for past, present, and future pain and suffering, past and future emotional distress and mental anguish, and past and future loss of enjoyment of life;

(c) That Plaintiff have judgment against Defendant in an amount to be determined at trial for past and future medical expenses and for the impairment and disfigurement of Plaintiff's body;

(d) That all costs and attorney's fees be taxed against Defendant; and

(e) That Plaintiff has such other and further relief as this Court deems just, equitable and proper.

Copy from re:SearchGA

Respectfully submitted this 9ᵗʰ day of April, 2021.

W. CALVIN SMITH, II, P.C.

*/s/ Winston Kim*

W. Calvin Smith II, Esq.
Georgia Bar No. 664431
J. Winston Kim, Esq.
Georgia Bar No. 152140
Attorneys for Plaintiff

3560 Lenox Road NE, Suite 3020
Atlanta, Georgia 30326
Phone: 404-842-0999
Fax: 404-842-1498
Email: jwkim@calvinsmithlaw.com

Copy from re:SearchGA

State Court of Fulton County
**E-FILED**
21EV002168
4/28/2021 3:23 PM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

BONITA RACHELL,

    Plaintiff,

v.

DOLLAR TREE STORES, INC.,

    Defendant.

Civil Action
File No.:    21EV002168

## DEFENDANT DOLLAR TREE STORES, INC.'S AFFIRMATIVE DEFENSES AND ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW, Dollar Tree Stores, Inc., named Defendant in the above styled action, and files the following Defenses and Answer to Plaintiff's Complaint and shows the Court as follows:

### FIRST DEFENSE

The Complaint fails to set forth a claim against this Defendant upon which relief can be granted.

### SECOND DEFENSE

For a Second Defense, the Defendant answers the numbered paragraphs of the Complaint as follows:

### JURISDICTION AND VENUE

1.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and therefore cannot admit or deny same.

2.

Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3.

Defendant denies the allegations contained in Paragraph 3 of the Complaint.

## STATEMENT OF FACTS

4.

Defendant realleges the foregoing paragraphs as if full restated herein.

5.

Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and therefore cannot admit or deny same.

7.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and therefore cannot admit or deny same.

8.

Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9.

Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.

Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.

Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12.

Defendant denies the allegations contained in Paragraph 12 of the Complaint.

<u>DAMAGES</u>

13.

Defendant restates the foregoing responses as if fully restated herein.

14.

Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.

Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.

Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.

Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.

Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19.

Defendant denies the allegations contained in Paragraph 19 of the Complaint.

<u>ATTORNEY'S FEES UNDER O.C.G.A. §13-6-11</u>

21.

Defendant realleges the foregoing responses as if fully restated herein.

22.

Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.

Defendant denies the allegations contained in Paragraph 23 of the Complaint.

TRIAL BY JURY

24.

Paragraph 24 of Plaintiff's Complaint does not require a response.

25.

Defendant denies all the allegations contained in the WHEREFORE paragraph including subparagraphs (a) through (e).

26.

Any allegation of the Complaint not admitted, denied or otherwise responded to above is hereby denied.

THIRD DEFENSE

Defendant is not liable to Plaintiff because Defendant breached no duty owed to Plaintiff in regard to the occurrence giving rise to this Complaint.

FOURTH DEFENSE

Defendant shows that the alleged damages of Plaintiff, if any, were caused by the contributory and comparative negligence of Plaintiff.

FIFTH DEFENSE

Plaintiff, by the exercise of ordinary care, could have avoided the consequences of any act or failure to act of Defendant.

SIXTH DEFENSE

Defendant is not liable to Plaintiff because the negligence of Plaintiff equaled or preponderated over any acts or omissions of Defendant in producing or in bringing about the occurrence complained of, but Defendant denies that any act of Defendant produced,

brought about, caused, or contributed to in any manner whatsoever the occurrence complained of in the Complaint.

## SEVENTH DEFENSE

Plaintiff's injuries, if any, were caused by an unforeseeable intervening third party tortfeasor and/or the acts and failure to act of persons or entities other than Defendant.

## EIGHTH DEFENSE

The Complaint should be dismissed for lack of jurisdiction over the subject matter, lack of jurisdiction over the person of this Defendant, improper venue, and insufficiency of process and service of process as to this Defendant.

## NINTH DEFENSE

In the event that any benefits have been paid by or on behalf of Defendant, Defendant is entitled to a set off against any verdict for the amount of benefits paid.  See, *Orndorff v. Brown*, 197 Ga. App. 591 (1990).

WHEREFORE, having fully answered, Defendant prays that the Complaint be dismissed with costs of this action cast against the Plaintiff.

This 28th day of April, 2021.

Goodman McGuffey LLP
Attorneys for Dollar Tree Stores, Inc.


By:      /s/James T. Hankins
James T. Hankins, III
GA State Bar No.:  188771
jhankins@GM-LLP.com
Samantha M. Mullis
GA State Bar No.:  365592
smullis@gm-llp.com
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
(404) 264-1500 Phone
(404) 264-1737 Fax


DEFENDANT DEMANDS
TRIAL BY JURY OF TWELVE

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

BONITA RACHELL,

    Plaintiff,

v.

DOLLAR TREE STORES, INC.,

    Defendant.

Civil Action
File No.:    21EV002168

## CERTIFICATE OF SERVICE

       This is to certify that I have this day served all counsel and parties of record with a copy of Defendant Dollar Tree Stores, Inc's Affirmative Defenses and Answer to Plaintiff's Complaint by statutory electronic service pursuant to O.C.G.A. § 9-11-5(b) or by depositing a copy of same in the United States Mail, postage prepaid, as follows:

W. Calvin Smith, II, Esq.
W. Calvin Smith, II, P.C.
3560 Lenox Road, Suite 3020
Atlanta, GA 30326

J. Winston Kim, Esq.
W. Calvin Smith, II, P.C.
3560 Lenox Road, Suite 3020
Atlanta, GA  30326

    This 28th day of April, 2021.

       By:    */s/ James T. Hankins, III*
           James T. Hankins, III
           GA State Bar No.:  188771
           jhankins@GM-LLP.com
           Goodman McGuffey LLP

3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
(404) 264-1500 Phone
(404) 264-1737 Fax

State Court of Fulton County
**E-FILED**
21EV002168
4/28/2021 3:23 PM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

BONITA RACHELL,

    Plaintiff,

                                           Civil Action

v.                                     File No.:     21EV002168

DOLLAR TREE STORES, INC.,

    Defendant.

## ACKNOWLEDGEMENT OF SERVICE OF PROCESS

COMES NOW, DOLLAR TREE STORES, INC., by and through undersigned counsel, and hereby acknowledges receipt and service of Plaintiff's Complaint, which was filed on April 9, 2021.

Defendant DOLLAR TREE STORES, INC. waives its right to be served personally with the aforementioned documents and waives all defenses as to insufficiency of process and service of process.

Defendant DOLLAR TREE STORES, INC. expressly reserves all other legal defenses, including but not limited to, the jurisdiction or venue of this Court, and will file its answers on or before sixty (60) days from the date of this Acknowledgement pursuant to O.C.G.A. § 9-11-4(d)(5).

This 28th day of April, 2021.

Goodman McGuffey LLP
Attorneys for Dollar Tree Stores, Inc.

By:    _/s/James T. Hankins, III_____
JAMES T. HANKINS, III
GA State Bar No.  188771
jhankins@GM-LLP.com
SAMANTHA M. MULLIS
GA State Bar No.  365592
smullis@gm-llp.com
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
(404) 264-1500 Phone
(404) 264-1737 Fax

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

| | |
|---|---|
| BONITA RACHELL, | |
|     Plaintiff, | Civil Action<br>File No.:    21EV002168 |
| v. | |
| DOLLAR TREE STORES, INC., | |
|     Defendant. | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the opposing party or counsel for the opposing party in the foregoing matter with a copy of this Acknowledgement of Service of Process of Dollar Tree Stores, Inc. by statutory electronic service pursuant to O.C.G.A. § 9-11-5(b) or by depositing a copy of same in the United States Mail, postage prepaid, as follows:

W. Calvin Smith, II, Esq.
W. Calvin Smith, II, P.C.
3560 Lenox Road, Suite 3020
Atlanta, GA 30326

J. Winston Kim, Esq.
W. Calvin Smith, II, P.C.
3560 Lenox Road, Suite 3020
Atlanta, GA  30326

This 28th day of April, 2021.

BY:    */s/James T. Hankins, III*
JAMES T. HANKINS, III
GA State Bar No.  188771
jhankins@GM-LLP.com
Goodman McGuffey LLP
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
(404) 264-1500 Phone
(404) 264-1737 Fax